# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv27

| | |
|---|---|
| ERROL ALEXIS GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | PROTECTIVE |
| Vs. ) | ORDER |
| ) | |
| THE CITY OF ASHEVILLE, ) | |
| NORTH CAROLINA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the consent and agreement of counsel and upon Oral Motion made during a telephonic hearing that occurred on December 5, 2006, at 4p.m., the Court enters the following Protective Order:

## PROTECTIVE ORDER

1. Plaintiff claims in this action pursuant to 42 U.S.C. § 1983 that he was injured and damaged by the exercise of unreasonable and excessive force and other violations by the defendants of his constitutional rights.

2. Plaintiff served interrogatories and requests for production of documents on each of the defendants. The defendants have provided some information and documents in response to plaintiff's discovery and have stated objections to some of the requests based on concerns of confidentiality, pursuant to N.C. Gen. Stat. § 160A-168, pursuant to HIPAA, and on other various grounds. There are discovery responses from defendants that are not yet due that will have similar objections. In

addition, plaintiff may take depositions seeking the same information. Defendant has agreed to provide additional information and documents, subject to appropriate objections, subject to the terms of this Order.

WHEREFORE, IT IS HEREBY ORDERED that:

1. The discovery is subject to the Federal Rules of Civil Procedure and the information and documents requested by plaintiff shall be produced, and, subject to appropriate objections, may be used in this action, subject to the terms of this order.

2. "Confidential Information" as used herein means:

   A. All information and documents made confidential by N.C. Gen. Stat. § 160A-168;

   B. Any documents or information which are contained in any personnel file maintained by defendants;

   C. All medical, psychological or other physical or mental health related records, and all records covered under HIPAA maintained by defendants;

   D. Documents concerning complaints regarding the use of force by the individual defendants and other officers of the Asheville Police Department; and

   E. Any other materials designated as "Confidential."

3. Confidential Information, as defined above, shall only be used for purposes of this litigation, and shall not be disclosed or made available to anyone except:

A. The Court;

B. The parties and their counsel;

C. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

D. Court reporters or videographers engaged to record depositions, hearings or trials in this action;

E. Subject to subparagraph F below, any witness necessary to prepare this case for litigation; and

F. Prior to making disclosures to any person set forth in this subparagraph, the party disclosing the Confidential Information shall inform the person to whom the disclosure is made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order.

4. The production or disclosure of Confidential Materials pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, or discoverability of any Confidential Information in connection with any proceeding in this action.

5. Defendants shall mark and otherwise identify as "Confidential Information" the information and documents it produces pursuant to the terms of this Order. Further, any deposition testimony concerning the matters identified as "Confidential Information" in paragraph 2 of this Order shall be governed by the terms of this Order.

6. Any Confidential Information under the terms of this Order shall be filed under seal with the Court.

WE CONSENT:

/s/Robert M. Elliot
NC Bar No. 7709
Attorney for Plaintiff
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
(336)724-2828
rmelliot@epmlaw.com

/s/Frederick S. Barbour
NC Bar No. 12118
Attorney for Defendants
McGuire, Wood & Bissette, P.A.
28 Patton Avenue
Post Office Box 3180
Asheville, NC 28802-3180
Telephone No.: (828) 254-8800
fbarbour@mwbavl.com

So Ordered:

                                    Signed: December 6, 2006

                                    */s/ Dennis L. Howell*

                                    Dennis L. Howell
                                    United States Magistrate Judge