# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv27

| | |
|---|---|
| ERROL ALEXIS GREEN, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>THE CITY OF ASHEVILLE, )<br>NORTH CAROLINA, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on plaintiff's Motion to Compel. On December 5, 2006, the court conducted a telephonic hearing on such motion at the request of the parties, with the parties waiving recordation. In seeking to compel production, plaintiff sought the following documents:

(1) the personnel records of each individual defendant;

(2) documents regarding the use of force filed against the Asheville Police Department;

(3) documents concerning the use of force filed with respect to each individual defendant;

(4) psychological reports regarding each individual defendant; and

(5) documents regarding the Ingle case (presently pending before the district court).

As decided at the pretrial conference, the court finds that:

(1) the personnel records of each defendant are discoverable under Rule 26,

Federal Rules of Civil Procedure;

(2) documents concerning use of force will be reviewed *in camera* for conduct similar to that alleged in this case, and such documents will be produced;

(3) documents concerning use of force by each defendant are relevant and will be produced;

(4) psychological reports as to each defendant are highly sensitive medical records. The court finds that *pro forma* production of such records could have a chilling effect on officer participation in psychological screening, which could be detrimental to the greater interests of the community. The court has closely scrutinized the allegations of the plaintiff and can find no indication that he has reason to believe that these defendants were suffering from mental illness or that the Asheville Police Department had a policy or practice of allowing mentally ill officers to act as law enforcement officers. That the prejudicial impact of any such production wholly outweighs the probative value of such materials, the court will not compel production of any mental health records; and

(5) as to the SBI file or report on the Charles Ingle incident, which was a case where officers of the Asheville Police Department allegedly used deadly force to subdue a man who, after a chase and commands to lay down his weapon, purportedly turned a rifle on officers in front of a

hotel lobby and was thereupon killed. Such civil matter is presently before the district court. This court finds that plaintiff has not yet properly noticed or subpoenaed the SBI, which is represented by counsel, and that the SBI may have a legitimate law enforcement interest under state law in not producing such report. Such request will, therefore, be denied without prejudice.

After the use of force reports were delivered to the chambers of the undersigned by the Asheville Police Department, the court conducted an *in camera* review of each report covering the years agreed to by the parties. Such review was conducted on December 7, 2006. In conducting such review, the court looked for instances where officers of the APD engaged in hand-to-hand fights with suspects, or other instances of subduing suspects through manual means, including but not limited to wrestling, hitting, kicking, and using hand held instruments to strike a suspect. The court did not include use of deadly force, use of Tasers, and use of OC devices, inasmuch as such methods of compliance do not appear to be relevant to the allegations in this case. Holding manuvers that did not result in fighting were not included. As to each report for which production is required, the court has tagged each with a Post-It Note. Upon completion of such process, the court called counsel for defendants, who promptly retrieved such documents with instructions to faithfully reproduce the tagged incident reports for production (under the earlier entered Protective Order) to counsel for plaintiff. Counsel for defendants is further charged with keeping such documents or making a recordation of which documents were produced and not

produced for purposes of appellate review, if necessary. Such duty shall be continuing until such time as the time for any appeal has passed or this action has been terminated.

In ordering the production of such documents, it shall not be inferred that the court believes or has found that any of the incidents portrayed therein involve officer misconduct or that such documents support plaintiff's or defendants' case. Instead, such documents simply reflect other instances where officers of the APD used manual physical force during a law enforcement encounter.

Finally, the court appreciates the professional and highly effective manner in which respective counsel have handled these difficult discovery issues. They are to be commended for their resourcefulness. To that end, while costs are usually required where a motion to compel is either granted or denied, the court finds that no costs or fees will be awarded inasmuch as defendants properly objected to disclosures and plaintiff properly moved to compel.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Compel (#41) is **GRANTED** in part and **DENIED** in part as provided above.

Signed: December 7, 2006

Dennis L. Howell
United States Magistrate Judge