# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv27

| | |
|---|---|
| ERROL ALEXIS GREEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> THE CITY OF ASHEVILLE, ) <br> NORTH CAROLINA, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the court on defendant City of Asheville's Motion for *In Camera* Review (#45). Apparently, such defendants seeks in camera review to determine whether a document should be produced by defendant Waters that is responsive to a discovery request filed by plaintiff "regarding his [Waters'] complaints to defendant City regarding favoritism, racism, and discrimination ...." The document submitted by defendant City of Asheville is a memorandum authored by Defendant Waters and sent to the Chief of Police for the City of Asheville in 2004. Defendant City of Asheville argues that it should not have to produce the document "on the grounds that the same is privileged in nature and should be treated as personnel records not subject to discovery." Docket Entry 45, at ¶ 4.

The court is first concerned with the procedure defendant City of Asheville has employed in this case. Earlier this month, the court conducted an extensive and time consuming review of all use of force reports *in camera.* First, the proposed review of Defendant Waters' memorandum appears to be unrelated to such use of force reports

and it cannot be argued that such document submission somehow relates to earlier permitted *in camera* inspection. Second, defendant City of Asheville has not sought leave of court before submitting Defendant Waters' memorandum for *in camera* review.[1] Third, such defendant has not submitted a brief in support of such motion. L.R. 7.2. Fourth, defendant City of Asheville has not explained why it is asserting a privilege on behalf of another defendant. Fifth, defendant City of Asheville has not explained why it is seeking such protection from discovery when the discovery request was directed at another defendant.[2] And Sixth, defendant City of Asheville has not provided the court with any citation to any legal authority that recognizes the "personnel records privilege" which it suggests exists.

Defendant City of Asheville assertion of a personnel records privilege without citation of any authority has also given this court pause in asmuch as Rule 501, Federal Rules of Evidence, provides in relevant part, as follows:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in the rules prescribed by the Supreme Court pursuant to statutory authority, the <u>privilege</u> of a witness, person, government, State, or political subdivision therefor shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience.

Fed.R.Evid. 501. In applying Rule 501 to a so-called personnel records privilege asserted by a police officer in Section 1983 litigation, the district court in one

---

[1] Counsel for Defendant City of Asheville hand delivered the memorandum to the chambers of the undersigned the same day he filed such defendant's motion.

[2] Defendant Waters has been sued individually as well as in his official capacity.

jurisdiction within the Fourth Circuit held that "[f]ederal common law disfavors privileges and protection from disclosure." Rollins *ex rel* Rollins v. Barlow, 188 F.Supp.2d 660, 663 (S.D.W.Va. 2002). As the Barlow court also recognized, the Supreme Court has held that

> [f]or more than three centuries it has now been recognized as a fundamental maxim that the public ··· has a right to every man's evidence. When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule.

United States v. Bryan, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950) (quoting 8 J. Wigmore, Evidence § 2192, p. 64 (3d ed.1940); citations omitted).

Further, from what limited research this court has done on this issue, "[i]n cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable." Green v. Baca, 226 F.R.D. 624, 644 (C.D.Cal. 2005)(citations omitted).

The United States Supreme Court has addressed the issue of in camera review, recognized the burden it places on trial court, and the procedure it has established. In the context of in camera review of documents subject to the "crime-fraud" exception to the attorney-client privilege, the Court held, as follows:

> A blanket rule allowing in camera review as a tool for determining the applicability of the crime-fraud exception . . . would place the policy of protecting open and legitimate disclosure between attorneys and clients at undue risk. There is also reason to be concerned about the possible due process implications of routine use of in camera proceedings.
>
> Finally, we cannot ignore the burdens in camera review places

-3-

upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties.

> There is no reason to permit opponents of the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents. Courts of Appeals have suggested that in camera review is available to evaluate claims of crime or fraud only "when justified." Indeed, the Government conceded at oral argument (albeit reluctantly) that a district court would be mistaken if it reviewed documents in camera solely because "the government beg[ged it]" to do so, "with no reason to suspect crime or fraud." Tr. of Oral Arg. 26; see also id., at 60. We agree.
>
> In fashioning a standard for determining when in camera review is appropriate, we begin with the observation that " in camera inspection . . . is a smaller intrusion upon the confidentiality of the attorney-client relationship than is public disclosure." We therefore conclude that a lesser evidentiary showing is needed to trigger in camera review than is required ultimately to overcome the privilege. Ibid. The threshold we set, in other words, need not be a stringent one.
>
> We think that the following standard strikes the correct balance. Before engaging in *in camera* review to determine the applicability of the crime-fraud exception, "the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person," Caldwell v. District Court, 644 P.2d 26, 33 (Colo.1982), that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies.
>
> Once that showing is made, the decision whether to engage in in camera review rests in the sound discretion of the district court. The court should make that decision in light of the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply.

United States v. Zolin, 491 U.S. 554, 571-72 (1989). Applying the teachings of Zolin to this particular case, defendant City of Asheville should have first filed a

Motion for Leave to Submit Documents for In Camera Inspection, rather than filing a Motion for In Camera Review and submitting the document via hand delivery to the court as a *fait accompli*. The method selected by defendant City of Asheville has short circuited the process and in doing so has avoided the application of judicial discretion. Further, as anticipated by the Court in Zolin, defendant City of Asheville has created fifth amendment due process concerns inasmuch as the process employed has in effect been *ex parte* because leave was neither sought nor granted.

More fundamental to the problem presented by defendant City of Asheville's skirting of the federal rules and Supreme Court precedent is defendant City of Asheville's disregard for Local Rule 7.1's the requirement of a brief. While this court does not stand on formalities or enforce rules simply because they are rules, this skipping ahead has left the court with absolutely no clue as to what privilege the City of Asheville is attempting to assert and its legal basis, whether the City of Asheville has standing to assert a privilege on behalf of Defendant Waters, why Defendant Waters did not assert such privilege himself,[3] and how this particular document's disclosure would violate that privilege. According to the motion, Defendant Waters testified that the City of Asheville Police Department is plagued by favoritism, racism, and discrimination, and the document submitted for in camera inspection simply backs up such testimony.

Defendant City of Asheville's Motion for In Camera Review will be denied,

---

[3] The court has not been favored with a copy of the request for production. The motion states that it was Defendant Waters that was served with a "discovery request." Docket Entry 45, at 1.

and counsel for such defendant is cautioned that as to *in camera* review simply allowing such inspection as to one category of documents does provide such defendant with permission to hand deliver unrelated documents to the court *ex parte*. To satisfy due process, each motion for leave to conduct *in camera* review must rise or fall on its own merits, the court must be able to exercise its discretion, and at a minimum such request must be accompanied by some type of writing showing the court where such privilege may be found and that the party attempting to assert the privilege has standing.

Put another way, it simply is inappropriate for a party to submit documents to the court for *in camera* inspection without first seeking leave to do so. By using the method defendant City of Asheville has employed, it presupposes that a privilege exists and that it would be recognized by federal courts in Section 1983 litigation. This is a bold assumption in light of the overwhelming case law to the contrary. This court simply cannot conduct an in camera review of a document for privilege which may not exist, and in any event, plaintiff may wish to respond.

Finally, this court has already held in a written Order that the "personnel records of each defendant are discoverable under Rule 26, Federal Rules of Civil Procedure . . . ." Defendant's present submission cannot be squared with that holding. The motion will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant City of Asheville's Motion for *In Camera* Review (#45) is **DENIED**. Counsel shall retrieved the documents submitted to the court *ex parte* without delay.

```
Signed: December 26, 2006
```

Dennis L. Howell
United States Magistrate Judge